IN THE DISTRICT COURT OF GARFIELD COUNTY
STATE OF OKLAHOMA

*FILED*
*GARFIELD COUNTY, OKLA*

*APR 1 6 2018*

*JANELLE M. SHARP*
*COURT CLERK*
*BY_____*
*DEPUTY COURT CLERK*

| | | |
|---|---|---|
| HUGO ESTRADA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CJ-2018 -*112-03* |
| USAA CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

PETITION

COMES NOW, the Plaintiff, and for his complaint against the Defendant states as follows:

1. Plaintiff is an individual residing in Garfield County, Oklahoma.

2. Defendant is a foreign insurance company doing business in Oklahoma.

3. On May 31, 2014, the Plaintiff was involved in an automobile accident in Enid, Garfield County, Oklahoma, for which he was not at fault.

4. At the time of the accident, the Plaintiff was insured by the Defendant, with medical payments coverage with a $100,000 policy limit and three stackable underinsured policies, each with a $100,000 policy limit, for a total of $300,000 underinsured policy limits.

5. The Plaintiff was injured in the accident and sustained damages in the form of medical expenses, lost income, permanent physical limitations, pain, suffering and mental distress.

6. The Plaintiff's medical expenses were in excess of $118,000 and his lost income was in excess of $11,500.

7. The driver who caused this accident was also insured by USAA with a $100,000 liability policy limit.

8. The Plaintiff's damages far exceeded the liability policy limit of $100,000.

9. The Plaintiff settled his claim with the at fault driver and accepted the tender of policy limits, with the Defendant's written waiver of subrogation.

**EXHIBIT 1**

10.     The Plaintiff's demand for UM benefits resulted in an initial valuation of this claim by the Defendant's adjuster, of $260,000, from which she claimed a deduction for $100,000 for the tortfeasor's policy limit payment and another deduction of $100,000 for benefits paid under the Plaintiff's medical payments coverage, and a net settlement offer of the payment of $60,000 under the Underinsured Motorists policy coverage.

11.     The Plaintiff refused to settle his UM claim for this offer, hired an attorney, and on November 11, 2015, demanded arbitration of the UM claim pursuant to an arbitration provision contained within his insurance policy.

12.     The Defendant refused the demand for arbitration.

13.     The Defendant subsequently tendered the $60,000 amount, representing the difference between the adjuster's valuation of the claim and the liability policy limit, which was accepted by the Plaintiff without waiving his rights to pursue additional payments from his UM coverage.

14.     On June 9, 2016, the Plaintiff submitted additional documentation of his damages, and again, demanded the remaining $240,000 policy limits and requesting a legal basis for the deduction of the $100,000 medical payments coverage from the UM benefits.

15.     The Defendant denied valuing the claim at $260,000, but now claimed that the value of the claim was only $160,000, from which she subtracted the $100,000 tortfeasor policy limit and then increased her valuation by $30,000 and offered to settle the UM claim in exchange for payment of this additional $30,000.

16.     Plaintiff refused to settle for this $30,000 but demanded payment of the undisputed amount without waiving any claims under his underinsured coverage.

17.     Defendant paid the undisputed $30,000.

**EXHIBIT 1**

18.     On September 20, 2016, Plaintiff then submitted a third demand for policy limits with additional medical documentation of the Plaintiff's permanent restrictions that resulted from the injuries sustained in the accident.

19.     In response to this third demand, the Defendant demanded that the Plaintiff submit to an 'independent' medical examination by a doctor of the Defendant's choosing, to which the Plaintiff submitted.

20.     On July 16, 2017, after receipt of the reports from the Defendant's chosen doctor, the Plaintiff again demanded policy limits.

21.     To this demand, the Defendant increased its value to $250,000 and offered to settle this UM claim for the payment of an additional $60,000, making the total payments from the UM coverage to $150,000, ($60,000 originally, plus $30,000 after lost income claim plus $60,000 after permanent injury evaluation), leaving $150,000 in UM policy limits remaining.

22.     The Plaintiff rejected the settlement offer and demanded payment of the undisputed $60,000 and once again, demanded payment of the remaining UM policy limit.

23.     The Defendant paid this additional $60,000 without requiring a settlement or release of the Plaintiff's UM claim.

24.     As of April 16, 2018, the Defendant has refused to pay the remaining $150,000 in policy limits.

BREACH OF CONTRACT

Paragraphs 1-24 are incorporated by reference.

25.     The Plaintiff's damages from this accident exceed $400,000, and thus, he is entitled to payment of all of the $300,000 available policy limit.

**EXHIBIT 1**

26.    The Defendant's refusal to pay the full $300,000 UM policy limit is a breach of the insurance contract between the parties.

Wherefore, the Plaintiff prays that the Court enter judgment against the Defendant for $150,000 plus pre-judgement interest, attorney's fees, costs and all further legal and equitable relief the Court may deem justified.

## BAD FAITH BREACH OF CONTRACT

Paragraphs 1-26 are incorporated by reference.

27.    The Defendant's conduct in misrepresenting that it had the right to a credit against the UM policy limit for the medical payments paid to the Plaintiff, breaches the duty of good faith and fair dealings.

28.    The Defendant's conduct in refusing to arbitrate the UM claim when arbitration was demanded, breaches the duty of good faith and fair dealings.

29.    The Defendant's conduct of valuing the claim with undisputed liability and over $130,000 in economic damages, for $160,000, or $190,000 or even $250,000, breaches the duty of good faith and fair dealings.

30.    The Defendant's conduct of delaying the payment of money in the amount of its own valuation of the claim, breaches the duty of good faith and fair dealings.

31.    The Defendant's conduct in requesting a 'settlement' of the UM claim in exchange for payment of the Defendant's final valuation of the claim, breaches the duty of good faith and fair dealings.

32.    The Defendant's conduct is sufficient to warrant the imposition of punitive damages.

**EXHIBIT 1**

Wherefore, the Plaintiff prays for damages in his favor for an amount in excess of $75,000 for tortious breach of contract, and an amount in excess of $75,000 for punitive damages, attorney's fees, costs and all further legal and equitable relief that the Court may deem justified.

Respectfully,

Attorney's Lien Claimed

Justin Lamunyon, OBA 16007
Lamunyon Law Firm, PC
118 N. Independence
Enid, OK 73701
580-548-6123
lamunyonlaw@sbcglobal.net
Attorney for Plaintiff

**EXHIBIT 1**



# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 18084234**
**Date Processed: 04/25/2018**

---

**Primary Contact:**    Ruby Esquivel
United Services Automobile Association
9800 Fredericksburg Rd.
Attn: Ruby Esquivel
San Antonio, TX 78288-0002

**Electronic copy provided to:**    Carmen Solis
Debra Brake
Sandra Adams
Jenna Meurer
Danielle Lopez

---

| | |
|---|---|
| **Entity:** | USAA Casualty Insurance Company<br>Entity ID Number  3692525 |
| **Entity Served:** | USAA Casualty Insurance Company |
| **Title of Action:** | Hugo Estrada vs. USAA Casualty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Garfield County District Court, Oklahoma |
| **Case/Reference No:** | CJ-2018-11203 |
| **Jurisdiction Served:** | Oklahoma |
| **Date Served on CSC:** | 04/24/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | OK - Insurance Commissioner on 04/23/2018 |
| **How Served:** | Certified Mail |
| Sender Information: | Justin Lamunyon<br>580-548-6123 |

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT 1**

GOVERNOR
MARY FALLIN

INSURANCE COMMISSIONER
JOHN D. DOAK



## INSURANCE COMMISSIONER
### State of Oklahoma

April    23, 2018


USAA CASUALTY INSURANCE COMPANY
9800 FREDERICKSBURG ROAD, D-3-W
SAN ANTONIO    TX  78288


RE:  CJ1811203
     In the District Court in GARFIELD
     State of Oklahoma
     HUGO ESTRADA
          vs
     USAA CASUALTY INSURANCE COMPANY


Dear Sir or Madam:


Enclosed is a copy of the above captioned summons
served on the Insurance Commissioner as designated agent
for service of process of foreign insurance companies doing
business in the State of Oklahoma (36 O.S. section 621(B)).


Sincerely,

JOHN DOAK
Insurance Commissioner


Maria Torres              Legal Department


                          dp/enclosure



                          CORPORATION SERVICE COMPANY
                          10300 GREENBRIAR PLACE
                          OKLAHOMA CITY    OK   73159


**EXHIBIT 1**
FIVE CORPORATE PLAZA, 3625 N.W. 56th STREET, SUITE 100 • OKLAHOMA CITY, OKLAHOMA 73112-4511
(405) 521-2828 • TOLL FREE (IN STATE) 1-800-522-0071



**JOHN D. DOAK**
**Insurance Commissio**
Oklahoma Insurance Depart
5 Corporate Plaza
3625 N.W. 56th St., Ste. #1(
Oklahoma City, OK 73112-4

7016 2140 0000 3555 7334

NEOPOST        FIRST-CLASS MAIL
04/23/2018
US POSTAGE  $007.41⁰

ZIP 73112
041M11276941

Corporation Service Company
10300 Greenbriar Place
Oklahoma City, OK 73159

**EXHIBIT 1**